Citation Nr: 1331564 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 11-17 034 ) DATE
 )
 )
On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky

THE ISSUES

1. Entitlement to service connection for chronic obstructive pulmonary disease. 

2. Entitlement to service connection for hypertension. 

3. Entitlement to service connection for arteriosclerotic heart disease. 

4. Entitlement to service connection for a psychiatric disorder to include posttraumatic stress disorder, anxiety, and depression. 

REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States

WITNESS AT HEARING ON APPEAL

Veteran
ATTORNEY FOR THE BOARD

L. J. Wells-Green, Counsel



INTRODUCTION

Pursuant to 38 C.F.R. § 20.900(c), the appeal has been advanced on the Board's docket. 

The Veteran, who is the appellant, served on active duty from December 1951 to February 1954. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of rating decisions in September 2010 and in November 2012 of a Department of Veterans Affairs (VA) Regional Office (RO). 

In December 2011, the Veteran appeared at hearing before the undersigned Veterans Law Judge. A transcript of that hearing is in the Veteran's file. 

In April 2012, in December 2012, and in May 2013, the Board remanded the case for further development. As the requested development has been completed, no further action is necessary to comply with the Board's remand directives. Stegall v. West, 11 Vet. App. 268, 271 (1998). 


FINDINGS OF FACT

1. Chronic obstructive pulmonary disease did not have onset in service, and chronic obstructive pulmonary disease is not otherwise related to an injury, disease, or event in service. 

2. Hypertension did not have onset in service, hypertension was not manifest to a compensable degree within the one-year period following separation from service; and hypertension is not otherwise related to an injury, disease, or event in service. 




3. Arteriosclerotic heart disease did not have onset in service, arteriosclerotic heart disease was not manifest to a compensable degree within the one-year period following separation from service, and arteriosclerotic heart disease is not otherwise related to an injury, disease, or event in service.

4. The Veteran did not serve in combat and during the appeal period posttraumatic stress disorder has not been diagnosed. 

5. Psychiatric disorders other than posttraumatic stress disorder, namely, anxiety and depression, were not affirmatively shown to have been present in service and the depression and anxiety are unrelated to an injury, disease or event in service.


CONCLUSIONS OF LAW

1. The criteria for service connection for chronic obstructive pulmonary disease have not been met. 38 U.S.C.A. §§ 1110, 5107(b) (West 2002); 38 C.F.R. § 3.303 (2013).

2. The criteria for service connection for hypertension have not been met. 38 U.S.C.A. §§ 1110, 1112, 5107(b) (West 2002); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309 (2013).

3. The criteria for service connection for arteriosclerotic heart disease have not been met. 38 U.S.C.A. §§ 1110, 1112, 5107(b) (West 2002); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309 (2013).

4. The criteria for service connection for a psychiatric disorder to include posttraumatic stress disorder, anxiety, and depression have not been met. 38 U.S.C.A. §§ 1110, 5107(b) (West 2002); 38 C.F.R. §§ 3.303, 3.304(f) (2013).




The Veterans Claims Assistance Act of 2000 (VCAA)

The VCAA, codified in part at 38 U.S.C.A. §§ 5103, 5103A, and implemented, in part, at 38 C.F.R § 3.159, amended VA's duties to notify and to assist a claimant in developing information and evidence necessary to substantiate a claim. 

Duty to Notify

Under 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b), when VA receives a complete or substantially complete application for benefits, it will notify the claimant of the following: (1) any information and medical or lay evidence that is necessary to substantiate the claim, (2) what portion of the information and evidence VA will obtain, and (3) what portion of the information and evidence the claimant is to provide. 

The VCAA notice requirements apply to all five elements of a service connection claim. The five elements are: 1) veteran status; 2) existence of a disability; 3) a connection between the Veteran's service and the disability; 4) degree of disability; and 5) effective date of the disability. Dingess v. Nicholson, 19 Vet. App. 473, 484-86 (2006). 

The VCAA notice must be provided to a claimant before the initial unfavorable adjudication by the RO. Pelegrini v. Principi, 18 Vet. App. 112 (2004). 

The RO provided pre-adjudication VCAA notice by letters in June 2010, in August 2010, and in May 2012. The VCAA notice included the type of evidence needed to substantiate a claim of service connection, namely, evidence of current disability; evidence of an injury or disease in service or event in service, causing injury or disease; and evidence of a relationship between the current disability and the injury, disease, or event in service.




The Veteran was notified that VA would obtain service records, VA records, and records of other Federal agencies and that he could submit other records not in the custody of a Federal agency, such as private medical records, or with his authorization VA would obtain any non-Federal records on his behalf. The VCAA notice included the general provisions for the effective date of a claim and for the degree of disability assignable. 

As for the content and for the timing of the VCAA notice, the documents complied with the specificity requirements of Quartuccio v. Principi, 16 Vet. App. 183 (2002) (identifying evidence to substantiate a claim and the relative duties of VA and the claimant to obtain evidence); of Charles v. Principi, 16 Vet. App. 370 (2002) (identifying the document that satisfies VCAA notice); of Dingess v. Nicholson, 19 Vet. App. 473 (notice of the elements of the claim); and of Pelegrini v. Principi, 18 Vet. App. 112 (2004) (pre-adjudication notice).

Duty to Assist

Under 38 U.S.C.A. § 5103A, VA must make reasonable efforts to assist the claimant in obtaining evidence necessary to substantiate a claim. The RO has obtained service records, VA records, and private medical records. 

The Veteran was not afforded VA examinations on the claims of service connection for chronic obstructive pulmonary disease, hypertension, or arteriosclerotic heart disease, because the record does not establish that the claimed disabilities are due to an injury, disease, or event in service and the record does not show that the claimed disabilities may be associated with an established event, injury, or disease in service. See McLendon v. Nicholson, 20 Vet. App. 79 (2006) (describing the circumstances under 38 C.F.R. § 3.159 when a VA examination is required).





The Veteran was afforded a VA examination in January 2013 on the claim of service connection for a psychiatric disorder to include posttraumatic stress disorder, anxiety, and depression. As the VA examiner reviewed the Veteran's history and as medical analysis was applied to the facts of the case to reach the conclusion reached in the opinion, the VA examination is adequate to decide the claim. See Stefl v. Nicholson, 21 Vet. App. 120, 124-25 (2007) (holding a medical opinion is considered adequate when it is based on consideration of the appellant's prior medical history and examinations and also describes the disability in sufficient detail so that the Board's evaluation of the disability will be a fully informed one). 

As there is no indication of the existence of additional evidence to substantiate the claims, the Board concludes that no further assistance to the Veteran in developing the facts pertinent to the claims is required to comply with the duty to assist. 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Principles and Theories of Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1110 (wartime). 

Generally, to establish entitlement to VA disability compensation, that is, service connection, a Veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called "nexus" requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

In this case, several legal theories operate in conjunction with 38 U.S.C.A. § 1110 as implemented in 38 C.F.R. § 3.303. 




Service connection means that the facts, shown by evidence, establish that a particular injury or disease resulting in disability was incurred coincident with service, or if preexisting such service, was aggravated by service. This may be accomplished by affirmatively showing inception or aggravation during service. 38 C.F.R. § 3.303(a).

For the showing of chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word "chronic." Continuity of symptomatology after discharge is required where the condition noted during service is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. 38 C.F.R. § 3.303(b). 

Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

For a Veteran who served 90 days or more of active service after December 31, 1946, there is a presumption of service connection for specifically listed chronic diseases, including hypertension and arteriosclerotic heart disease, if the disability is manifest to a compensable degree within one year of discharge from service. 38 U.S.C.A. § 1112; 38 C.F.R. §§ 3.307, 3.309.

Service connection for posttraumatic stress disorder requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a) , that is, a diagnosis that conforms to the Diagnostic and Statistical Manual of Mental Disorders (DSM-IV); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor actually occurred. 38 C.F.R. § 3.304(f).




Unless posttraumatic stress disorder is diagnosed in service and the in-service stressor is related to service, or the in-service stressor is related to combat or to fear of hostile military or terrorist activity, or to a prisoner -of-war experience, or to a personal assault, the Veteran's lay testimony alone may not establish the occurrence of an alleged noncombat in-service stressor and the record must contain credible supporting evidence that the alleged noncombat in-service stressor actually occurred. 38 C.F.R. § 3.304(f); see Patton v. West, 12 Vet. App. 272, 280 (1999) (rejecting the requirement that medical nexus evidence is required for credible supporting evidence in a personal assault case). 

Evidentiary Standards 

VA must give due consideration to all pertinent lay and medical evidence in a case where a Veteran is seeking service connection. 38 U.S.C.A. § 1154(a). As the Veteran did not serve in combat, the provisions of 38 U.S.C.A. § 1154(b) do not apply. 

Competency is a legal concept in determining whether lay or medical evidence may be considered, in other words, whether the evidence is admissible as distinguished from credibility and weight, factual determinations going to the probative value of the evidence, that is, does the evidence tend to prove a fact, once the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997).

Competency is a question of fact, which is to be addressed by the Board. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (2007).

When the evidence is found to be competent, it is admissible. When evidence is admissible, the Board must then determine whether the evidence is credible. "Credible evidence" is that which is plausible or capable of being believed. See Caluza v. Brown, 7 Vet. App. 478, 511 (1995), aff'd per curium, 78 F. 3d 604 (Fed. Cir. 1996) (the determination of credibility is a finding of fact to be made by the Board in the first instance). 


If the evidence is credible, the Board, as fact finder, must determine the probative value or weight of the admissible evidence, that is, does the evidence tend to prove a material fact. Washington v. Nicholson, 19 Vet. App. 362, 369 (2005). If the evidence is not credible, the evidence has no probative value. 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the Veteran. 38 U.S.C.A. § 5107(b).

Chronic Obstructive Pulmonary Disease 
Hypertension 
Arteriosclerotic Heart Disease

Facts and Analysis 

The service treatment records, including the reports of entrance and separation examinations, contain no complaint, finding, history, treatment, or diagnosis of a pulmonary disease or abnormality or of hypertension or of arteriosclerotic heart disease. On the basis of the service treatment records alone, neither chronic obstructive pulmonary disease, nor hypertension, nor arteriosclerotic heart disease was affirmatively shown to have had its onset during service and service connection under 38 U.S.C.A. § 1110 as implemented by 38 C.F.R. § 3.303(a) (affirmatively showing inception in service) is not established.

Although hypertension and arteriosclerotic heart disease are listed as chronic diseases under 38 C.F.R. § 3.309, the Veteran does not argue and the record does not establish that hypertension or arteriosclerotic heart disease was noted, that is, observed, during service, and the principles of service connection pertaining to chronicity and continuity of symptomatology under 38 C.F.R. § 3.303(b) do not apply and service connection under 38 C.F.R. § 3.303(b) (chronicity and continuity of symptomatology) is not established. 



See Walker v. Shinseki, 708 F.3d (Fed. Cir. 2013) (The continuity of symptomatology avenue to service connection under regulation creating presumption of service connection for chronic diseases manifesting during service and then again at any later date is available only for chronic diseases enumerated in the only regulation listing named chronic diseases. 38 C.F.R. §§ 3.303(b), 3.309(a)). 

As chronic obstructive pulmonary disease is not a chronic disease listed in 38 C.F.R. § 3.309, chronicity and continuity of symptomatology under 38 C.F.R. § 3.303(b) does not apply. 

After service, private and VA records show that in September 2001 a pulmonary function test was consistent with the clinical diagnosis of chronic obstructive pulmonary disease. In November 2003, history included hypertension since 1989. In April 2004, electrocardiogram was abnormal and ischemic heart disease was not ruled out. History included chronic obstructive pulmonary disease and hypertension and smoking. In December 2004, history included coronary atherosclerotic heart disease with angioplasty and stenting of the right coronary artery in November 2004. 

Hypertension since 1989 and arteriosclerotic heart disease since 2004 are beyond the one-year period following separation from service in 1954 for presumptive service connection for the chronic diseases under 38 C.F.R. §§ 3.307 and 3.309. 

As for service connection based on an initial diagnosis after service, the Veteran does not argue and there is no competent evidence that chronic obstructive pulmonary disease or hypertension or arteriosclerotic heart disease is otherwise related to an injury, disease, or event, excluding smoking, in service 






The Veteran asserts that chronic obstructive pulmonary disease, hypertension, and arteriosclerotic heart disease are the result of a longstanding history of smoking, which began in service. A disability shall not be considered to have resulted from injury or disease in service if the disability resulted from injury or disease attributable to the use of tobacco products by a Veteran during active service. 38 U.S.C.A. § 1103(a); 38 C.F.R. § 3.300. 

Accordingly, to extent the Veteran argues that chronic obstructive pulmonary disease or hypertension or arteriosclerotic heart disease was due to tobacco use in service, the claims of service connection must be denied. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994) (in cases where the law and not the evidence is dispositive, a claim for entitlement to VA benefits should be denied or the appeal to the Board terminated because of the absence of legal merit or the lack of entitlement under the law).

The assertion that chronic obstructive pulmonary disease, hypertension, and arteriosclerotic heart disease are either caused by or aggravated by a psychiatric disorder are addressed in the Facts and Analysis of the claim of service connection for a psychiatric disorder. 

As the preponderance of the evidence is against the claims on a direct and presumptive basis, service connection for chronic obstructive pulmonary disease or hypertension or arteriosclerotic heart is not warranted. 

Psychiatric Disorder

Facts and Analysis 

The service treatment records, including the reports of entrance and separation examinations, contain no complaint, finding, history, treatment, or diagnosis of a psychiatric disorder, including posttraumatic stress disorder, anxiety, or depression. 



On the basis of the service treatment records alone, a psychiatric disorder, including posttraumatic stress disorder, anxiety, or depression was not affirmatively shown to have had its onset during service and service connection under 38 U.S.C.A. § 1110 as implemented by 38 C.F.R. § 3.303(a) (affirmatively showing inception in service) is not established.

A psychiatric disorder, such as posttraumatic stress disorder, anxiety, or depression is not a chronic disease under 38 C.F.R. § 3.309, and the principles of service connection pertaining to chronicity and continuity of symptomatology under 38 C.F.R. § 3.303(b) and presumptive service connection as a chronic disease under 38 C.F.R. § 1112 do not apply. See Walker v. Shinseki, 708 F.3d (Fed. Cir. 2013) (The continuity of symptomatology avenue to service connection under regulation creating presumption of service connection for chronic diseases manifesting during service and then again at any later date is available only for chronic diseases enumerated in the only regulation listing named chronic diseases. 38 C.F.R. §§ 3.303(b), 3.309(a)). 

After service, VA records show that the Veteran sought treatment for depression and anger management in July 2011. In November 2011, a social worker at the VA Vet Center stated that the Veteran was assessed for "PTSD" and the Veteran had symptoms of sleep disturbance, anxiety, and depression. 

On VA examination in January 2013, the VA examiner stated that the Veteran did not meet the criteria for the diagnosis of posttraumatic stress disorder, although the Veteran did have some symptoms of PTSD and of anxiety and depression. After a review of the Veteran's history, the VA examiner expressed the opinion that it was less likely than not that the claimed conditions, PTSD and adjustment disorder with mixed anxiety and depressed mood were incurred or aggravated by service, including the in-service stressors as described by the Veteran. 





Pursuant to 38 C.F.R. § 4.125, the diagnosis of posttraumatic stress disorder and a diagnosis of a psychiatric disorder other than posttraumatic stress disorder must n conform to the Diagnostic and Statistical Manual of Mental Disorders (DSM-IV). And the diagnosis of posttraumatic stress disorder requires medical evidence diagnosing the condition in accordance 38 C.F.R. § 4.125. 38 C.F.R. § 3.304(f.)

Competent medical evidence means evidence provided by a person who is qualified through education, training, or experience to offer a medical diagnosis or opinion. 38 C.F.R. § 3.159. 

On VA examination in January 2013, the VA examiner, a doctor of psychology, who is qualified through education, training, or experience to offer a medical diagnosis or opinion, concluded the Veteran did not have posttraumatic stress disorder and that anxiety and depression were unrelated to service, including the in-service stressors as described by the Veteran. 

While the Veteran was followed in a Vet Center and the Veteran was assessed for "PTSD," PTSD was not diagnosed. There is no other pertinent medical evidence in the record. Based on the foregoing, there is no competent medical evidence that the Veteran has been diagnosed with posttraumatic stress disorder during the appeal period. And anxiety and depression have not been associated with the Veteran's service. 

As for the lay evidence, the Veteran as a lay person is competent to identify a simple medical condition, or describe a contemporaneous medical diagnosis or symptoms that later support a diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). The Veteran as a lay person is also competent to offer an opinion on a simple medical condition. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009). 





To the extent the Veteran's statements and testimony are offered as evidence of posttraumatic stress disorder or of anxiety or of depression, as the diagnosis of posttraumatic stress disorder and a diagnosis of a psychiatric disorder other than posttraumatic stress disorder requires medical evidence, posttraumatic stress disorder or anxiety or depression is not a simple medical condition that the Veteran as a lay person is competent to identify. And posttraumatic stress disorder or anxiety or depression is not a condition under case law where lay evidence has been found to be competent evidence to establish a diagnosis. See Clemons v. Shinseki, 23 Vet. App. 1, 6 (2009) (it is generally the province of medical professionals to diagnose or label a mental condition). 

And it is not argued or shown that the Veteran is otherwise qualified through specialized education, training, or experience to diagnosis posttraumatic stress disorder or anxiety or depression. 

Although the Veteran as a lay person is competent to report a contemporaneous medical diagnosis or to describe symptoms, which supports a later diagnosis by a medical professional, the Veteran has not submitted any medical evidence that posttraumatic stress disorder or anxiety or depression is directly related to an injury, disease, event, or in-service stressor. Although a social worker at the VA Vet Center stated that the Veteran was assessed for "PTSD," and there was an earlier reference to the prognosis of "PTSD," the social worker did not state that the Veteran was diagnosed with "PTSD." Jandreau, at 1377.

Because the Veteran's statements and testimony are not competent evidence on the question of a diagnosis of posttraumatic stress disorder or of anxiety or of depression, the statements and testimony are excluded, that is, not admissible, as evidence favorable to the claims. 





As the Veteran's lay evidence is not competent evidence as to the diagnosis posttraumatic stress disorder, anxiety, or depression the Veteran's opinion that he has posttraumatic stress disorder, anxiety, or depression related to service is not competent lay evidence, because an inference based on what is not personally observable cannot be competent lay evidence. 

To the extent the lay evidence is not competent evidence on the question of the diagnosis of posttraumatic stress disorder, anxiety, or depression or of a nexus to service, the Board need not address credibility. 

As there is no satisfactory proof, that is, medical evidence that the Veteran has a current diagnosis of posttraumatic stress disorder that conforms to DSM-IV, the preponderance of the evidence is against the claim of service connection for posttraumatic stress disorder. 

On VA examination in January 2013, the VA examiner stated that anxiety and depression were less likely than not related to service, including the in-service stressors as described by the Veteran. There is no other pertinent medical evidence in the record. 

The Board finds that the opinion of the VA examiner is persuasive evidence, which opposes, rather than supports, the claims. Based on the foregoing, there is no competent medical evidence that either anxiety or depression had onset in service or is otherwise related to an injury, disease, or event in service. 

As service connection has not been established for a psychiatric disorder, including posttraumatic stress disorder or anxiety or depression, there is no factual or legal basis for the claim of service connection for chronic obstructive pulmonary disease, hypertension, and arteriosclerotic heart disease as secondary to a service-connected psychiatric disorder.







As there is no favorable competent medical evidence of a diagnosis of posttraumatic stress disorder or that anxiety or depression are related to service, the preponderance of the competent medical evidence is against the claims, and the benefit-of-the-doubt standard of proof does not apply. 38 U.S.C.A. § 5107(b).


ORDER

Service connection for chronic obstructive pulmonary disease is denied. 

Service connection for hypertension is denied. 

Service connection for arteriosclerotic heart disease is denied. 

Service connection for a psychiatric disorder to include posttraumatic stress disorder, anxiety, and depression is denied.



___________________________________________
George E. Guido Jr.
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs